**WAS, INC., et al., Appellants,**

v.

**ALEA LONDON LIMITED, Appellee.**

</div>

[Cite as *WAS, Inc. v. Alea London, Ltd.,* 161 Ohio App.3d 111, 2005-Ohio-2533.]

<div align="center">

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20646.

Decided May 13, 2005.

</div>

Robert J. Surdyk, for appellants.

Brian A. Meeker and Peter J. Stackpolce, for appellee.

Per Curiam.

{¶ 1} Appellant WAS, Inc., is the owner of a bar called the Yellow Rose, and it is appealing from a summary judgment in favor of its insurer, Alea London Limited, holding that the insurer had no liability to defend or cover claims against WAS and some of its employees for alleged assault and battery against two patrons.

{¶ 2} On appeal, the employer raises the following two assignments of error:

{¶ 3} "The trial court failed to apply the correct standard to the coverage dispute."

{¶ 4} "The trial court erred when it found that the policy at issue precludes coverage for the Loudins' claim."

{¶ 5} The policy in issue expressly excludes from coverage any claims arising out of an assault or battery by any persons, including employees of the insured establishment. The trial court found that this exclusion expressly bars coverage for the claims filed here.

{¶ 6} The policy also contains a provision titled "Expected or Intended Injury," which states that "bodily injury" or "property damage" expected or intended from the standpoint of the insured is excluded from coverage but that "this exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property." The employees, who were also named defendants in this case, have filed affidavits claiming that they were acting to protect the wife of the patron who claims to have suffered injuries. A claim that, if proven, could allow coverage under the aforementioned policy provision.

{¶ 7} We find that these two provisions cited by the trial court and in the briefs of the parties are in conflict and, thus, facts may be developed that require coverage in this case. For that reason, we find that summary judgment in this case was inappropriate. Thus, as appellant argues, the claim of the patrons here "potentially or arguably falls within the coverage provided by the Policy, and Alea is required to provide a defense for the entire action."

{¶ 8} Moreover, appellant is correct in pointing out that once a duty to defend is recognized, speculation about the insurer's ultimate obligation to indemnify is premature until facts excluding coverage are revealed during the defense of the litigation and the insurer timely reserves the rights to deny coverage.

{¶ 9} We are further persuaded in our decision for the following reasons: First, the trial court construed the policy provisions *against* the insured, whereas we now know from *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, that policy provisions are to be construed in *favor* of the insured, who in this case is WAS, Inc. Second, as this court has noted, "a general presumption arises to the effect that that which is not clearly excluded from the operation of such contract is included in the operation thereof." *Batteiger v. Allstate Ins. Co.* (Feb. 15, 2002), 2d Dist. No. 2001–CA–37, 2002 WL 242513. Finally, we note that insurance-policy provisions should be construed, if possible, to be in harmony, and here it is at least arguable that the injuries are

covered under the contract if the insured can prove that the injuries resulted from its employees' reasonable-force effort to protect persons, protection that, by law, is not an assault or battery.

{¶ 10} The judgment is reversed and this cause is remanded for further proceedings that shall include developing the facts of the matter to determine whether or not the insurer must indemnify the insured. But at a minimum, the insurer must defend the insured.

Judgment reversed
and cause remanded.

BROGAN, P.J., GRADY and YOUNG, JJ., concur.

FREDERICK N. YOUNG, retired from the Court of Appeals, Second Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.